**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| TAX-RIGHT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 3:12-cv-657-REP |
| v. | ) | |
| | ) | |
| SICPA PRODUCT SECURITY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**TAX-RIGHT'S OPPOSITION TO SICPA'S MOTION TO STRIKE THE DECLARATION OF MARK NEUWIRTH AND IN THE ALTERNATIVE THAT TAX-RIGHT HAS WAIVED THE ATTORNEY-CLIENT PRIVILEGE**

## I. INTRODUCTION AND FACTUAL BACKGROUND

In connection with the Court's construction of the claims of the '614 patent, plaintiff Tax-Right, LLC ("Tax-Right") has offered a declaration from the '614 patent's sole inventor, Mark Neuwirth. The declaration is attached as Exhibit 1 to defendant SICPA Product Security, LLC's ("SICPA") brief. Tax-Right also intends to offer live testimony from Mr. Neuwirth at the claim construction hearing.[1] Notwithstanding the Federal Circuit's repeated, unequivocal statements that it is appropriate for courts to consider inventor testimony in connection with claim construction, SICPA asks the Court to strike the Neuwirth declaration. Because the

[1] The Neuwirth declaration and testimony are consistent with the '614 patent's intrinsic record. Tax-right offers this evidence in support of and to confirm its proffered construction, which is supported by the intrinsic evidence. Nonetheless, the Court can only determine the relevance and significance of the proffered declaration and testimony after it reviews the entire record in connection with claim construction. The issue in SICPA's motion is not whether, ultimately, the Neuwirth declaration and testimony are necessary to the claim construction issues. Rather, the issue is if it is proper for the Court to exclude them, which it is not.

Federal Circuit has held that consideration of inventor testimony is proper and, in certain circumstances, exclusion of the testimony is error, the Court should deny SICPA's motion.

Alternatively, SICPA moves the Court to hold that the references in Mr. Neuwirth's declaration to the fact that he discussed his invention with his attorney effected a waiver of the attorney-client privilege. References to conversations with an attorney establish the presence of the privilege, they do not waive it. The Court should also deny SICPA's alternative motion.

## II. ARGUMENT

### A. As the Federal Circuit Has Held, Inventor Declarations Are Admissible Extrinsic Evidence Relevant to Claim Construction

A patent's claims and its intrinsic record are the primary resources a court must use to interpret claim terms. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*). However, as SICPA concedes in its brief, there are situations where a court must turn to extrinsic evidence in order to interpret claims properly. For example, where the intrinsic record is ambiguous, courts must look to extrinsic evidence to construe the claims. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1360 (Fed. Cir. 2013). Among the types of extrinsic evidence that courts can consider, the Federal Circuit has specifically condoned reliance on inventor testimony. *Id.*; *see also Phillips*, 415 F.3d at 1317 (*citing Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995)).

In fact, in certain circumstances, the Federal Circuit has criticized district courts for excluding inventor testimony from the claim construction process. *See e.g. Voice Techs. Group, Inc. v. VMC Sys.,* Inc., 164 F.3d 605, 615-16 (Fed. Cir. 1999). In *Voice Techs.*, the Federal Circuit clarified its holding in *Markman* and further explained the proper use of inventor testimony:

> This court in *Markman* did not hold that the inventor cannot explain the technology and what was invented and claimed; the

> Federal Circuit held only that the inventor can not by later testimony change the invention and the claims from their meaning at the time the patent was drafted and granted. Patents are written not for laymen, but for and by persons experienced in the field of the invention. **An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims**…Although *Markman* and other precedent caution the court against creative reconstruction of an invention by interested persons, courts are not novices in receiving and weighing expertise on both sides of an issue. The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993) instructed trial judges to exclude scientifically unqualified witnesses, not those with superior qualifications.

*Id.* at 615 (emphasis added). The cases SICPA relies on to suggest that the declaration should be excluded are aligned with this view. They discuss the proper purposes of inventor testimony and the weight it should be accorded; none supports wholesale exclusion of the testimony.

Thus, the true issue is not whether Mr. Neuwirth's declaration and testimony may be received by the Court, but the weight to be accorded his testimony in view of the entire record. As the Federal Circuit points out, courts have great expertise in this area. *Id.* The decision, however, can only be made in the context of the entire record. Prejudging the issue, as SICPA invites the Court to do, would constitute plain error under controlling precedent. Accordingly, Tax-Right respectfully requests that the Court deny SICPA's motion to strike the Neuwirth declaration.

**B. Mr. Neuwirth's Reference to Speaking With an Attorney Is Not Sufficient to Waive Attorney-Client Privilege**

As an alternative, SICPA asks the Court to find that the statements in Mr. Neuwirth's declaration that he spoke with an attorney in connection with the prosecution of the '614 patent constitute a waiver of the attorney-client privilege with regard to all communications related to the prosecution. These statements are not sufficient to waive attorney-client privilege.

In this district, waiver of the attorney-client privilege requires a voluntary disclosure of otherwise privileged communications to a third party who is outside the attorney-client relationship. *United States v. Lentz*, 419 F. Supp. 2d 820, 827 (E.D. Va. 2005). Here, no such disclosure has occurred.

Nothing in the paragraphs cited by SICPA (or in the entire Neuwirth declaration) reveals any confidential communication that Mr. Neuwirth had with his attorney, Mr. Natter. The declaration simply discloses the unremarkable fact that Mr. Neuwirth had conversations with his attorney. Mr. Neuwirth describes his understanding, as both the sole inventor and as one of skill in the art, of the meaning of certain claim terms in the '614 patent. Absent a disclosure of privileged communication, which did not occur here, there can be no waiver of the attorney-client privilege merely because an inventor offers a declaration. Moreover, SICPA's citation to *Server Tech.* on this point is unavailing. SICPA suggests that the *Server Tech.* court found "that inventors' declaration with substantive statements regarding prior art and his intent waived privilege." (Def.'s Brief at 10.) That is a simplistic view of the case. In the *Server Tech.* case, the inventor and two of his attorneys provided deposition testimony wherein they specifically disclosed discussions between the attorney and the client regarding the clients' duty of candor. *Server Tech., Inc. v. Am. Power Conversion Corp.*, 2011 U.S. Dist. LEXIS 42980, *5-9 (D. Nev. Apr. 14, 2011). While those specific disclosures of privileged communication may have been enough to create a waiver, nothing in that case (or any other) suggests that the mere reference to the use of an attorney in an inventor declaration constituted a waiver of the attorney-client privilege.

Apparently recognizing that Mr. Neuwirth has not disclosed any privileged communications, SICPA attempts to bolster its request on two other bases: (1) that there has

been an "at issue" waiver; and (2) that Tax-Right is attempting to use the privilege as a sword and shield. Neither is persuasive.

As SICPA correctly notes, an "at issue" type waiver occurs where one party "places at issue the subject matter of a privileged communication in such a way that the party holding the privilege will be forced to draw upon privileged material at trial in order to prevail," *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005), or were a party "attempts to prove [a] claim or defense by disclosing or describing an attorney-client communication," *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). Neither situation occurred here. The substance of Mr. Neuwirth's declaration is his explanation of his understanding, as the inventor and one of skill in the art, of the claim terms in the '614 patent. The passing reference in the declaration to the fact that he worked with an attorney does not put "at issue" the privileged communications. Mr. Neuwirth's factual statements about what he understood the claims to mean reveal no privileged communication, and they do not open a window into the protected attorney-client relationship.

Similarly, SICPA's suggestion that Tax-Right is attempting to use the privilege as a sword and a shield falls flat. First, the cases discussing this issue relate to the scope of a waiver, once one is found, not the existence of a waiver in the first instance. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007) ("This **broad scope** [of waiver]…") (emphasis added). Second, the notion of using privilege as a sword and a shield requires "disclosing favorable communications" in the first instance, while at the same time "asserting the privilege as to less favorable ones." *Id.* Because, here, there was no disclosure of favorable communications, it cannot be said that Tax-Right is attempting to shield only unfavorable communications.

## III. CONCLUSION

For the foregoing reasons, Tax-Right respectfully requests that the Court deny SICPA's motion in its entirety.

Dated: June 20, 2013

Respectfully submitted,

Tax-Right, LLC
*By Counsel*

/s/ S. Perry Coburn
S. Perry Coburn (VSB No. 78372)
E-mail: pcoburn@cblaw.com
Craig T. Merritt (VSB No. 20281)
E-mail: cmerritt@cblaw.com
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Tel.: 804-697-4100
Fax: 804-697-4112

Charles R. Wolfe, Jr. (VSB No. 17990)
E-mail: wolfe@blankrome.com
Katherine P. Barecchia (VSB No. 65814)
E-mail: barecchia@blankrome.com
BLANK ROME LLP
600 New Hampshire Ave, NW
Washington, DC 20037
Tel.: 202-772-5841
Fax: 202-772-1669

Joel L. Dion *(pro hac vice)*
E-mail: dion-j@blankrome.com
Joelle L. Epstein (*pro hac vice*)
E-mail: epstein@blankrome.com
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: 215-569-5788
Fax: 215-832-5788

*Counsel for Tax-Right, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2013, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Wyatt B. Durrette, Jr., Esq.
E-mail: wdurrette@durrettecrump.com
DURRETTE CRUMP, PLC
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, VA 23219
Tel.: 804.775.6900
Fax: 804.775.6911

P. Branko Pejic, Esq.
E-mail: bpejic@gbpatent.com
GREENBLUM & BERNSTEIN, PLC
1950 Roland Clarke Place
Reston, VA 20191
Tel.: 703.716.0062
Fax: 703.716.0018

*Counsel for SICPA Product Security LLC*

/s/ S. Perry Coburn
S. Perry Coburn (VSB No. 78372)
E-mail: pcoburn@cblaw.com
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Tel.: 804-697-4100
Fax: 804-697-4112

*Counsel for Tax-Right, LLC*